# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LYNN DOPP, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 18-CV-0152-CVE-FHM |
| | ) |
| JIMMY MARTIN, | ) |
| | ) |
|     Respondent. | ) |

## OPINION AND ORDER

This is a habeas corpus action. By order filed April 19, 2018 (Dkt. # 5), the Court found that petitioner's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus was an unauthorized successive petition and dismissed the petition, without prejudice, for lack of jurisdiction. The Court entered judgment (Dkt. # 7) in favor of respondent and against petitioner on May 1, 2018. Before the Court is petitioner's "motion to alter or amend pursuant to Rule 59, or in the alternative Rule 60" (Dkt. # 8), filed May 7, 2018. In his motion, petitioner challenges (1) the Court's procedural ruling that his fourth-in-time habeas petition was successive and (2) the Court's discretionary decision to dismiss the petition rather than transfer it to the Tenth Circuit Court of Appeals for authorization.

Because petitioner filed his motion less than 28 days after entry of the judgment and challenges a procedural ruling, the Court shall adjudicate the motion as a "true" Rule 59(e) motion. See FED. R. CIV. P. 59(e) (providing Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment"); Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (discussing proper characterization of FED. R. CIV. P. 60(b) motions in habeas context); United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006) (citing Spitznas and concluding that "Rule 59(e) motions are subject to the same characterization"). To obtain relief under Rule 59(e), the movant must

demonstrate that there has been an intervening change in the controlling law, that there is new evidence previously unavailable, or that there is the need to correct clear error. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon review of petitioner's motion, the record in this matter, and the relevant case law, the Court finds no basis to alter or amend its judgment dismissing the habeas petition as an unauthorized successive petition.

First, petitioner alleges the petition, filed in March 2018, was not successive because he learned in April 2018 that his sentence of life without the possibility of parole had been commuted to a 30-year sentence. Dkt. # 8 at 1-2. For support, he attaches a "notice of inmate status change," signed by an Oklahoma Department of Corrections records officer on April 17, 2018, indicating that petitioner's life sentence was commuted to a 30-year sentence on February 2, 2018. Id. at 7. Thus, he argues, his petition was not successive because it attacked the new intervening judgment that resulted from the commuted sentence. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (explaining that when "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007))). But Petitioner's reliance on Magwood is misplaced. In that case, a state prisoner obtained federal habeas relief as to his death sentence, the state trial court held a new sentencing hearing, the state trial court issued a new judgment and sentence again imposing a death sentence, and the prisoner filed a second-in-time habeas petition in federal court alleging constitutional defects related only to the new sentence. See Magwood, 561 U.S. at 323-24, 339-42. Here, in contrast, petitioner filed three prior habeas petitions in this Court attacking the judgment and sentence entered in Ottawa County District Court, Case No. CF-1996-265, and never once obtained habeas relief. See Dkt. # 5 at 1-2. Even accepting that petitioner's sentence was

2

commuted in February 2018, the commutation of his sentence resulted from an act of grace by the Governor, not from a new judgment and sentence entered in state court. See Dopp v. Patton, No. CIV-14-453-D, 2014 WL 3700852, at *2 (W.D. Okla. July 25, 2014) (unpublished)[1] ("In Oklahoma, like most states, commutation of a prison sentence or an executive pardon is necessarily a speculative event. The decision to commute a sentence lies solely within the discretion of the Governor, and a prisoner has no claim of entitlement or expectation that it will occur."). Moreover, petitioner asserted only two claims in his fourth-in-time petition: (1) that the state district court lacked jurisdiction to enter judgment and sentence against him for crimes committed within "Indian Country," specifically within the boundaries of the Seneca-Cayuga Tribe reservation, and (2) that the State of Oklahoma violated his equal protection rights by prosecuting him but not prosecuting similarly situated individuals who also commit crimes within the reservation's boundaries. Dkt. # 1 at 6-7; Dkt. # 2 at 11-13. Both of these claims attacked the validity of his original conviction and sentence; neither attacked the commutation of his sentence. See Dkt. ## 1, 2. For these reasons, Magwood does not support petitioner's assertion that his fourth-in-time petition was not successive.

Next, petitioner alleges his petition was not successive because the claims he asserted therein were not ripe until the Tenth Circuit Court of Appeals issued its decision in Murphy v. Royal, 875 F.3d 896 (2017),[2] cert. granted, Royal v. Murphy, 2018 WL 747674 (Mem.) (May 21, 2018). Dkt. # 8 at 2. See Panetti v. Quarterman, 551 U.S. 930, 947 (2007) (stating that "[i]n the usual case, a

---

[1] The Court cites this unpublished opinion for its persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[2] The Tenth Circuit Court of Appeals issued its original opinion in Murphy on August 8, 2017, and issued an amended opinion on November 9, 2017. See Murphy v. Royal, 866 F.3d 1164 (10th Cir. Aug. 8, 2017), amended and superseded on denial of reh'g en banc by Murphy v. Royal, 875 F.3d 896 (10th Cir. Nov. 9, 2017).

petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar," but holding that bar "does not apply to a Ford claim brought in an application filed when the claim is first ripe");³ Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998) (treating second-in-time petition as part of first-in-time petition where second was premised on newly ripened claim that had been presented but dismissed from first as unripe or "premature"). However, petitioner's own allegations undermine his assertion that his claims ripened with Murphy. In his petition, petitioner identified two claims arising from the fact that he was convicted of crimes he committed in what he alleges is "Indian Country." Dkt. # 1 at 5-7. As factual support for these claims, he alleged he "owned & resided" in a house located within "Seneca-Cuyoga Tribe 'Indian Country'" in 1996 and that "his conviction[s] and current incarceration . . . stems solely from the results of [a] search warrant" executed at that home. Dkt. # 2 at 5. Petitioner also cited Seneca-Cayuga Tribe of Okla. v. Oklahoma, 874 F.2d 709, 714-15 (10th Cir. 1989), to support the proposition that "[t]he Seneca-Cuyoga Tribe reservation boundaries which includes said residence have never been disestablished, abolished, or diminished by Congress." Id. at 4.

Accepting petitioner's allegations as true, it appears his newly asserted claims were ripe when he was tried and convicted in 1998. At that time, he knew the location of his residence and that the residence had been searched. And, accepting petitioner's description of the Tenth Circuit Court of Appeals decision from 1989, case law in existence at the time of his trial may have supported his claim that his residence was located within "Indian Country," i.e., within the

---

³     A Ford claim is a claim asserted under Ford v. Wainwright, 477 U.S. 399 (1986), alleging that a prisoner who was found competent to be tried, convicted, and sentenced to death should not be executed because his present mental condition has deteriorated to the point of rendering him incompetent and therefore ineligible to be executed. See Panetti, 551 U.S. at 935.

4

boundaries of the Seneca-Cayuga Tribe reservation. Even if petitioner did not understand the legal significance of those facts or of the 1989 decision until 2017 when he "discovered" the Murphy decision, see Dkt. # 1 at 13, at the time of his trial he had knowledge of the requisite facts and had existing case law that may have supported his claims.[4] Cf. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (rejecting habeas petitioner's argument that his habeas petition was timely under § 2244(d)(1)(D) because he filed his petition within a year of two state-court decisions he believed supported his claim; reasoning that petitioner was aware of the factual basis of his claim "years before he filed his" petition and nothing in either state-court decision "alerted [him] to any *factual* basis for his claim"). Thus, Panetti does not support petitioner's position that his fourth-in-time petition was not successive.

Finally, petitioner alleges that even if his petition was successive, the Court should have transferred the petition to the Tenth Circuit for authorization, rather than dismissing it, because (1) he was released on parole in April 2018 and his sentence soon may be discharged pursuant to recent state legislation, thus he is in danger of being no longer "in custody" for habeas purposes, (2) his Murphy claim is meritorious, (3) he filed his petition in "good faith" based on Murphy, and (4) the Court overlooked the fact that petitioner cannot exhaust his claims in state court because he is on Oklahoma's "3-strikes Registry" which prevents him from filing actions in state court without prepayment. Id. at 2-5. Having considered petitioner's arguments, the Court stands by its decision to dismiss rather than transfer the petition. See Dkt. # 5 at 3-4 & n.3. The Court reminds petitioner that the dismissal without prejudice does not prevent him from seeking authorization from the Tenth

---

[4] The Court further notes that Murphy analyzed whether Congress disestablished, abolished, or diminished the boundaries of the Muscogee (Creek) Reservation; it said nothing about the boundaries the Seneca-Cayuga Tribe reservation. 875 F.3d 932-66.

Circuit Court of Appeals to file a successive habeas petition in this Court. See 28 U.S.C. § 2244(b)(3).

Based on the foregoing, the Court concludes that petitioner has not demonstrated any reason for this Court to alter or amend its judgment dismissing his fourth-in-time petition as an unauthorized successive petition. Therefore, the Court shall deny petitioner's Rule 59(e) motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that petitioner's "motion to alter or amend pursuant to Rule 59, or in the alternative Rule 60" (Dkt. # 8), construed as a "true" Rule 59(e) motion is **denied**. Additionally, to the extent petitioner must obtain a certificate of appealability to challenge the denial of his "true" Rule 59(e) motion, a certificate of appealability is **denied**.

**DATED** this 7th day of June, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE